IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FAUSTO FELIPE RIVAS, | * | |
| #A18 702 986 | | |
|       Petitioner, | * | |
|   v. | | CIVIL ACTION NO. DKC-05-2441 |
| | * | |
| RICHARD C. CATERISANO, | | |
|       Respondent. | * | |
| | ****** | |

**MEMORANDUM**

On September 6, 2005, the court received a 28 U.S.C. § 2241 petition for habeas corpus relief filed on behalf of Fausto Felipe Rivas. Paper No. 1. Petitioner was given an opportunity to advise the court whether he wished to adopt the petition filed on his behalf or abandon same. Paper No. 2. On October 11, 2005, Petitioner indicated his desire to proceed with this case. Paper No. 5. Petitioner attacks his final order of removal, alleging that he was denied effective assistance of counsel during his underlying criminal proceedings. He also alleges that is entitled to relief under former section 212(c) of the INA, 8 U.S.C. § 1182(c) (1995). Paper No. 1. On October 17, 2005, this court ordered Respondent to respond to the Petition. Paper No. 6.

On December 14, 2005, a response was filed. Paper No. 7. On December 28, 2005, Respondent notified this court of his intention to remove Petitioner on or after January 28, 2006. Paper No. 8. Petitioner has filed a reply and a Motion for Extension of Time to file a supplemental reply. Paper Nos. 9 and 10. For reasons to follow, the court shall deny Petitioner's Motion for Extension of Time and transfer the petition to the United States Court of Appeals for the Fourth Circuit based on the Real ID Act of 2005 ("RIDA" or "the Act").

**I.  Factual Background**

Petitioner is a native and citizen of the Dominican Republic who was admitted to the United States in 1969 as a lawful permanent resident.  On June 6, 2001, he was convicted in the District Court of Maryland for Washington County of second degree assault.  On July 3, 2001, he was convicted in the Circuit Court for Washington County of attempted distribution of cocaine.  On February 21, 2002, he was convicted in the Circuit Court for Washington County of fourth degree burglary and sentenced to eighteen months incarceration. On September 16, 2002, he was convicted in the Circuit Court for Washington County of second degree assault and sentenced to three years incarceration.  Paper No. 7, Ex. A and B.  On October 6, 2003, Immigration and Customs Enforcement ("ICE") served Petitioner with a Notice to Appear charging him as being removable from the United States as an alien convicted of an aggravated felony under the Immigration and Nationality Act ("INA"), § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as defined in INA, § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F) (crime of violence) § 101(a)(43)(U), 8 U.S.C. § 1101(a)(43)(U) (attempt or conspiracy to traffic in a controlled substance), and  INA, § 101(a)(43)(G), 8 U.S.C. § 1101(a)(43)(G) (theft) *Id.*, Ex. A.  Petitioner was also charged as being removable under the INA § 237(a)(2)(E)(i), 8 U.S.C. § 1227(a)(2)(E)(i), as an alien convicted of a crime of domestic violence, child abuse, child neglect or child abandonment, and under INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), as an alien convicted of a law relating to a controlled substance. *Id.*

On May 21, 2004, the Immigration Judge ("IJ") found Petitioner removable as charged and ordered his removal to the Dominican Republic. *Id.*, Ex. B. Petitioner appealed to the Board of Immigration Appeals which affirmed the IJ's decision on October 14, 2004. *Id.*, Ex. C.

Respondent has obtained travel documents for Petitioner and expects to repatriate Petitioner to the Dominican Republic on or about January 28, 2006.  Paper No. 8.

## II.  Analysis

### Statutory Challenge to Order of Removal

The pro se petitioner appears to assert that he should not be removed from the United States because: (i) he was denied effective assistance of counsel during his underlying criminal proceedings; and (ii) he has pending state post conviction proceedings.  He also alleges that is entitled to relief under former section 212(c) of the INA, 8 U.S.C. § 1182(c) (1995).

On May 11, 2005, President Bush signed the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005).  Included within this far-reaching legislation is RIDA.  Section 106(a)(1)(B) of RIDA substantially modifies the route aliens must take to seek judicial review of an order of removal.

Section 106(a)(1)(B)(5) states that:

> [N]otwithstanding....section 2241 of title 28, United States Code, or any other habeas corpus provision,....a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issues under any provision of this Act....For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and "jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651....

RIDA makes the circuit courts the "sole" judicial body able to review challenges to final orders of deportation, exclusion, or removal and undoubtedly divests this court of jurisdiction to review this Petition.  The Act instructs the district courts to transfer any habeas petitions pending in the district court on the date of the enactment of the Act to the appropriate circuit court to be treated as a petition for review, without regard to whether the habeas petition had been filed within

3

thirty days of the final order of removal, as required for petitions for review under 8 U.S.C. § 1252(b)(1). *See* RIDA § 106(c). This petition was filed after enactment of RIDA. RIDA, however, is silent as to what was to be done with habeas petitions filed after the enactment date, i.e. are such petitions to be dismissed, or may they be transferred to the courts of appeals?

Here the undersigned shall not dismiss this case, but shall treat it as a petition for review improperly filed in this court; transfer it to the United States Court of Appeals for the Fourth Circuit; and close the matter.[1] In light of the foregoing, Petitioner's Motion for Extension of Time shall be denied.

### III. Conclusion

---

[1] At present, the Fourth Circuit has not indicated whether the transfer of such habeas corpus petitions is acceptable. The government has argued that transfer of post-RIDA habeas corpus cases under 28 U.S.C. § 1631 is inappropriate where the action could not have originally been brought in the transferee court. *See* 28 U.S.C. § 1631 (court lacking jurisdiction shall, if it is in the interests of justice, transfer action to any other such court in which the action could have been brought at the time it was filed or noticed). Under such an argument, however, Petitioner would effectively be foreclosed from obtaining review of his statutory claims as any re-filed petition in the Fourth Circuit could automatically be deemed untimely under 8 U.S.C. § 1252(b)(1) (petition for review is to be filed 30 days after the date of the final order of removal). Moreover, the undersigned observes that the RIDA conference report noted that the intent of RIDA is to "give every alien one day in the court of appeals...." *See* H.R.Rep. No. 109-72, at 175 (2005). The argument for dismissal of this case would arguably preclude an alien from judicial review of statutory and constitutional claims in the appellate courts.

RIDA arguably has implications under the Due Process and Suspension Clauses. *See INS v. St. Cyr*, 533 U.S. 289, 299-301 (2001). Prior to the enactment of RIDA, an alien contesting removal could file one of two federal petitions: (i) a petition for review in a court of appeals or (ii) a petition for a writ of habeas corpus in district court. Under the plain terms of § 106(a)(1)(B), however, aliens are foreclosed from filing a habeas petition. In addition, while habeas corpus law provides for evidentiary review, § 106(a)(1)(B) requires aliens to file a petition for review, which restricts the court to "decide the petition only on the administrative record on which the order of removal is based." *See* 8 U.S.C. § 1252(b)(4)(A). Given the underlying constitutional implications of RIDA, *see Wahab v. U.S. Attorney General*, 373 F.Supp.2d 524, 525-26 (E.D. Pa. 2005), appellate scrutiny of the relevant issues is warranted. Therefore, the undersigned deems it appropriate to transfer this case to the Fourth Circuit.

For reasons set out herein this case shall be transferred to the Fourth Circuit.  A separate Order follows.


Date: ____1/10/06_____          _____/s/_____
                                  DEBORAH K. CHASANOW
                                  United States District Judge